```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

NACM TAMPA, INC., et al.,

        Plaintiffs,
v.                                      Case No. 8:15-cv-1776-T-33TGW

ALEXANDER MENSH d/b/a MONSTER
DEMOLITION, et al.,

        Defendants.
                                                /

## ORDER

        This matter comes before the Court *sua sponte*. NACM Tampa, Inc. and NACM Services Corp. initiated this action against Defendants Alexander Mensh d/b/a Monster Demolition, Jacqueline Mensh, Ariela Owens a/k/a Ariela Wagner and Ariela Wagner-Owens, Sunray Construction Notices, Inc., Sunray Construction Solutions, LLC, Nationwide Notice, Inc., and Reach Technology, LLC on July 30, 2015. (Doc. # 1). Sunray Construction Notices, Inc. was served process on August 5, 2015. (Doc. # 11). Keith Dennis Skorewicz, Esq. filed a Notice of Appearance on behalf of Sunray Construction Notices, Inc. on September 3, 2015. (Doc. # 17).

        On September 11, 2015, Ariela Owens, Sunray Construction Notices, Inc., and Sunray Construction Solutions, LLC filed their Answer and Affirmative Defenses to the Complaint. (Doc. # 29). Thereafter, on October 28, 2015, Sunray Construction Notices, Inc.'s counsel filed a Motion to Withdraw as Counsel

for Sunray Construction Notices, Inc. (Doc. # 43). The Honorable Judge Thomas G. Wilson, United States Magistrate Judge, to whom the Motion to Withdraw was referred, entered an Order directing Sunray Construction Notices, Inc.'s counsel to serve a copy of the Motion to Withdraw, along with Judge's Wilson Order, on Sunray Construction Notices, Inc. (Doc. # 44). Judge Wilson further directed said counsel to file a notice or certificate of such service with the Court. (Id.). Counsel for Sunray Construction Notices, Inc. filed the required certificate of service on November 3, 2015. (Doc. # 45).

Accordingly, on November 19, 2015, Judge Wilson granted the Motion to Withdraw. (Doc. # 46). The Order granting the Motion to Withdraw also directed Sunray Construction Notices, Inc. to file a notice of appearance of new counsel within 30 days. (Id. at 1). The Order specifically noted, "[i]f no such notice is filed, a default against this corporation [i.e., Sunray Construction Notices, Inc.,] may occur because a corporation must be represented by counsel and cannot appear *pro se*. Local Rule 2.03(e)." (Id.).

Sunray Construction Notices, Inc. failed to comply with Judge Wilson's November 19, 2015, Order. As such, because Sunray Construction had not filed a notice of appearance of new counsel, the Court entered an Order on December 23, 2015, that

2

stated, in part, "Sunray Construction Notices, Inc. shall file a notice of appearance of new counsel by January 5, 2016, in order to be in compliance with Local Rule 2.03(e). Failure to file said notice may result in Sunray Construction Notices, Inc.'s pleadings being stricken." (Doc. # 47). A review of the file indicates that as of the date of this Order, Sunray Construction Notices, Inc. has failed to file the required notice of appearance of new counsel.

A long line of cases hold that corporate entities may not appear *pro se* in this Court. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985)(stating, "[t]he rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel"); Textron Fin. Corp. v. RV Having Fun Yet, Inc., No. 3:09-cv-2-J-34TEM, 2010 WL 1038503, at *6 (M.D. Fla. Mar. 19, 2010)(stating, "a corporation's financial constraints do not excuse the requirement that it have legal representation in Court proceedings"); United States v. Hagerman, 545 F.3d 579, 581-82 (7th Cir. 2008)(stating, "[p]ro se litigation is a burden on the judiciary, and the burden is not to be borne when the litigant has chosen to do business in entity form. He must take the burdens with the benefits")(internal citations omitted); see also Local Rule

3

2.03(e), M.D. Fla.

Accordingly, the Court directs Sunray Construction Notices, Inc. to obtain counsel by February 1, 2016. Failure to do so will result in an Order *sua sponte* striking Sunray Construction Notices, Inc.'s pleadings. If Sunray Construction Notices, Inc.'s pleadings are stricken, NACM Tampa, Inc. and NACM Services Corp. may file an application for the entry of Clerk's Default. If and when a Clerk's Default is entered against Sunray Construction Notices, Inc., NACM Tampa, Inc. and NACM Services Corp. may promptly move for entry of default judgment as to Sunray Construction Notices, Inc.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Sunray Construction Notices, Inc. has until and including **February 1, 2016**, to retain counsel. Absent a notice of appearance of counsel filed on behalf of Sunray Construction Notices, Inc. by February 1, 2016, this Court will *sua sponte* strike Sunray Construction Notices, Inc.'s pleadings because corporate entities are not authorized to appear *pro se* before this Court.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>15th</u> day of January, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record