UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NACM TAMPA, INC., et al.,

    Plaintiffs,

v.                               Case No. 8:15-cv-1776-T-33TGW

ALEXANDER MENSH, et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of United States Magistrate Judge Thomas G. Wilson's Report and Recommendation (Doc. # 97), entered on February 8, 2017, recommending that Plaintiffs NACM Tampa, Inc. and NACM Services Corp.'s Motion for Default Judgment, seeking damages and injunctive relief against Defendants Sunray Construction Notices, Inc. and Reach Technology, LLC (Doc. # 85), be granted to the extent set forth in the Report and Recommendation. No objections have been filed and the time for doing so has passed. The Court adopts the Report and Recommendation and grants the Motion to the extent stated herein.

**Discussion**

NACM Tampa is a national credit management association that created a notice-to-owner database for its construction-industry members. (Doc. # 1 at ¶ 15). A notice to owner is used to create and preserve contractor liens. (Doc. # 86 at ¶ 3). NACM Tampa's notice-to-owner database contains information on construction projects in Florida and Georgia where a notice to owner must be issued. (Doc. # 1 at ¶¶ 15, 16).

NACM Services used NACM Tampa's notice-to-owner database to conduct research, prepare notices to owners, and serve the notices. (Id. at ¶ 16; Doc. # 86 at ¶ 4). NACM Services also allows customers to conduct their own research and prepare notices to owners using the NACM Tampa notice-to-owner database; NACM Services mails the completed notice to the party to be served. (Id. at ¶ 16; Doc. # 86 at ¶ 4).

After discovering competitors were misappropriating the information on the notice-to-owner database, Plaintiffs instituted this action on July 30, 2015, against Alexander Mensh, Jacqueline Mensh, Ariela Owens, Sunray Construction Notices, Sunray Construction Solutions, LLC, Nationwide Notice, Inc., and Reach. (Doc. # 1). The Complaint brings a claim under the Racketeer Influenced Corrupt Organizations

Act, 18 U.S.C. §§ 1961-1965, (RICO) against A. Mensh, J. Mensh, Owens, and Reach (Count I); a claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, against all Defendants (Count II); a claim under the Florida Deceptive and Unfair Practices Act, Fla. Stat. § 501.201, et seq., against A. Mensh, J. Mensh, Owens, Sunray Construction Notices, Sunray Construction Solutions, and Nationwide (Count III); a claim for misappropriation of trade secrets under the Florida Uniform Trade Secrets Act, Fla. Stat. § 688.001, et seq., against all Defendants (Count IV); a claim for tortious interference with a contract against A. Mensh, J. Mensh, Owens, Sunray Construction Notices, Sunray Construction Solutions, and Nationwide (Count V); a claim for breach of contract against all Defendants (Count VI); and an additional claim for breach of contract against Reach (Count VII).

All Defendants to this action were timely served. (Doc. ## 5, 6, 7, 9, 11, 13, 14). Thereafter, Sunray Construction Solutions and Owens reached a settlement with Plaintiffs and were dismissed from the action. (Doc. # 55). About four months later, A. Mensh, J. Mensh, and Nationwide also reached a settlement with Plaintiffs and were dismissed from the action. (Doc. # 82). For their parts, Reach and Sunray

3

Construction Notices were defaulted after Plaintiffs applied to the Clerk for an entry of default. (Doc. ## 23, 51).

Since Reach and Sunray Construction Notices were the only remaining Defendants and both had been defaulted, Plaintiffs moved for entry of final default judgment against Reach and Sunray Construction Notices. (Doc. # 85). Plaintiffs' Motion for Default Judgment was referred to Judge Wilson for a Report and Recommendation. (Doc. # 88).

After receiving supplemental briefing, Judge Wilson entered his Report and Recommendation. (Doc. # 97). The time for filing objections has passed and no party has filed an objection to the Report and Recommendation. In addition, as of this Order, Reach and Sunray Construction Notices have not moved to set aside the defaults entered against them.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and

4

recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See <u>Cooper-Houston v. S. Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994); <u>Castro Bobadilla v. Reno</u>, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), <u>aff'd</u>, 28 F.3d 116 (11th Cir. 1994) (Table).

After conducting a careful and complete review of the findings, conclusions and recommendations, and giving *de novo* review to matters of law, the Court accepts the factual findings and legal conclusions of the magistrate judge and the recommendation of the magistrate judge.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) The Report and Recommendation (Doc. # 97) is **ADOPTED**.

(2) Plaintiffs NACM Tampa, Inc. and NACM Services Corp.'s Motion for Default Judgment (Doc. # 85) is **GRANTED** as specified below.

(3) The Clerk is directed to enter final default judgment in favor of Plaintiffs and against Sunray Construction Notices, Inc. and Reach Technology, LLC as to the Florida Uniform Trade Secrets Act claim (Count IV), the Computer Fraud and Abuse Act claim (Count II), and the breach of contract claims (Counts VI and VII). Furthermore, the

Clerk is directed to enter final default judgment in favor of Plaintiffs and against Sunray Construction Notices, Inc. as to the Florida Deceptive and Unfair Practices Act claim (Count III).

(4) The judgment in favor of Plaintiffs and against Sunray Construction Notices, Inc. shall be in the amount of $446,880 and the judgment in favor of Plaintiffs and against Reach Technology, Inc. shall be in the amount of $270,801.72, with both awards accruing post-judgment interest at the federal statutory rate, for which sum let execution issue.

(5) The judgment shall further reflect that Sunray Construction Notices, Inc. and Reach Technology, Inc. are permanently enjoined from misappropriating NACM Tampa's trade secrets through unauthorized access of NACM Tampa's notice-to-owner database.

(6) The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd day of February, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE